**Satinderpal SINGH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–72751.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided April 27, 2005.

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Margaret K. Taylor, Esq., Barry J. Pettinato, Esq., DOJ— U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before: PAEZ, BERZON, and BEA, Circuit Judges.

MEMORANDUM **

Satinderpal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum and withholding of removal. Singh alleges that the INS failed to rebut the presumption that he had a well-founded fear of persecution and faced a threat to life and liberty if he returned to India. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we grant the petition and remand to the BIA for further proceedings.[1]

I

We review the BIA's determination under the substantial evidence standard. *Cardenas v. INS*, 294 F.3d 1062, 1065 (9th Cir.2002). Singh first argues that substantial evidence did not support the BIA's decision that he was ineligible for asylum. An applicant who is unable or unwilling to return to his country of origin because of persecution on account of a protected ground may establish eligibility for asylum by showing (1) that he has suffered past persecution, or (2) that he has a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(b). Because the BIA determined that Singh had suffered past persecution, a presumption arose that Singh had a well-founded fear of future persecution. *Id.* § 1208.13(b)(1).

■ The INS may rebut a presumption of well-founded fear by showing by a preponderance of the evidence that (1) there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution, or (2) the applicant could avoid future persecution by relocating to another part of the country and, under all the circumstances, it would be reasonable to expect him to do so. *Id.* § 1208.13(b)(1)(i).

Here, the BIA concluded that the INS rebutted the presumption of well-founded fear, finding that a 1997 addendum to a State Department profile on India reported that country conditions had changed. However, because the BIA failed to demonstrate how the changed country conditions would affect Singh in particular if he were removed to India, the BIA's analysis was not sufficiently individualized to support its conclusion that the INS rebutted Singh's presumptive well-founded fear of persecution. *See Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir.2000) ("[T]he determination of whether or not a particular applicant's fear is rebutted by general country conditions information requires an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports."); *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998) ("In the absence of any explanation as to how any change in conditions in the Philippines would serve to rebut Garrovillas's particular fear of future persecution, the presumption stands unrebutted.").

■ The BIA also determined that the INS rebutted the presumption of well-founded fear by showing that it was feasi-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of this case, we reference them only as necessary to explain our decision.

ble and reasonable for Singh to avoid persecution by relocating to another part of the country. In reaching this conclusion, the BIA relied on Singh's testimony that he lived in Bombay with a relative from December 1996 to April 1998. However, this testimony fails to demonstrate that Singh could avoid persecution by relocating internally. Although Singh stated that the police did not come looking for him in Bombay, he testified that this was "[b]ecause most of the time I used to be inside the house." Further, Singh testified that during this period, the police continued to look for him in his village.

Singh's testimony also fails to demonstrate that it would be reasonable to expect him to relocate internally. The BIA concluded that internal relocation was reasonable without addressing any of the factors bearing on reasonableness. *See* 8 C.F.R. § 1208.13(b)(3) (providing that in determining the reasonableness of internal relocation an adjudicator should consider: whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir.2004) (concluding that the IJ's determination that it was reasonable to require the applicants to relocate "was deficient ... [because] the IJ failed to take into account the numerous factors for determining reasonableness outlined in 8 C.F.R. § 1208.13(b)(3)."); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070–71 (9th Cir.2003) (rejecting an IJ's conclusion that an applicant could have relocated internally where the IJ failed to take into account the reasonableness of that relocation). Moreover, the circumstances of Singh's limited stay in Bombay before he finally fled the coun-

try do not demonstrate that it would be reasonable to expect Singh to relocate internally. Singh, who was a farmer in Punjab, did not earn a living while in Bombay; rather, he mostly stayed indoors, helping his relative with cooking and cleaning in the home.

We conclude, therefore, that Singh is eligible for asylum and that a remand to the BIA is not required by *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). The INS did not advance to the IJ or the BIA any individualized changed circumstances argument, nor did it advance a relocation argument addressing the factors for determining reasonableness. To remand now would improperly give the government a second attempt to advance arguments it could have but failed to make in the first instance. *Cf. Baballah v. Ashcroft*, 367 F.3d 1067, 1078 n. 11 (9th Cir.2004) ("In these circumstances, to provide the INS with another opportunity to present evidence ... would be exceptionally unfair.").

## II

Singh also claims that substantial evidence did not support the BIA's decision denying withholding of removal. An applicant is entitled to withholding of removal if he establishes that his life or freedom would be threatened in the proposed country of removal on account of a protected ground. 8 C.F.R. § 1208.16(b). An applicant who is found to have suffered past persecution in the proposed country of removal is presumed to face a future threat to life or freedom in that country. *Id.* § 1208.16(b)(1)(i).

The INS may rebut this presumption by proving by a preponderance of the evidence that (1) there has been a fundamental change in circumstances such that the applicant's life or freedom would not be

threatened, or (2) that the applicant could avoid a future threat to life or freedom by relocating to another part of the country and that under all the circumstances, it would be reasonable to expect the· applicant to do so. *Id.*

Here, the BIA determined that the INS rebutted the presumption of a threat to life or freedom by showing that conditions in India had changed and that it was possible and reasonable for Singh to relocate internally. For the same reasons discussed above, substantial evidence does not support the BIA's conclusion. Thus, Singh is entitled to withholding of removal. *See Baballah,* 367 F.3d at 1079 (holding that an applicant was entitled to withholding of deportation where the INS failed to rebut the presumption of threat to life or freedom).

Because Singh has demonstrated eligibility for asylum and entitlement to withholding of removal, we grant the petition and remand to the BIA to allow the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum, and to enter an order withholding removal.[2]

PETITION GRANTED AND REMANDED.

---

2.  Singh also alleges that he is entitled to relief under the Convention Against Torture ("CAT"). Because we grant the petition as to Singh's application for asylum and withholding of removal, we need not address the CAT claim.

